**Galina DAGENVALDE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and John Ashcroft, Attorney General of the United States, Respondents.**

No. 02–4289.

United States Court of Appeals, Second Circuit.

May 17, 2004.

Paulette Detiberiis, Kuba, Mundy & Associates, New York, N.Y., for Petitioner.

David S. Rubenstein, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, on the brief), for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., for Respondents.

Present: LEVAL, KATZMANN, Circuit Judges, and MURTHA,* District Judge.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Board of Immigration Appeals be and hereby is **AFFIRMED.**

Petitioner Galina Dagenvalde, a native of the former Soviet Union and a legal permanent resident of Latvia, petitions this Court for review of the final order of removal of the Board of Immigration Appeals ("BIA"). We review the factual findings of the BIA and of the Immigration Judge ("IJ") pursuant to the "substantial evidence standard." *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). For the reasons that follow, we affirm.

Upon review of the record, we find that substantial evidence supports the IJ's determination that Dagenvalde failed to establish either past persecution or reasonable fear of future persecution. While the evidence shows that Dagenville was subjected to discrimination and harassment, a reasonable fact finder could have found that this treatment did not rise to the level of persecution. Accordingly, the IJ and BIA did not err in finding that Dagenvalde was not a refugee within the meaning of § 101(a)(42) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(42) (2000) and was therefore ineligible for asylum under INA § 208, 8 U.S.C. § 1158 (2000). *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir. 1999). For the same reasons, the IJ properly determined that Dagenvalde failed to establish a "clear probability" that she would suffer persecution if returned to Latvia. She therefore failed to satisfy the more stringent standard necessary to prevail on her withholding of deportation claim. *See* 8 U.S.C. § 1231(b)(3) (2000); 8

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

C.F.R. § 208.16(b)(1); *see also Zhang v. Slattery,* 55 F.3d 732, 738 (2d Cir.1995). Finally, Dagenvalde has waived her Convention Against Torture claim by failing to raise it on appeal to the BIA or in her brief to this Court. *See Howell v. INS,* 72 F.3d 288, 291 (2d Cir.1995) ("[A] party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.") (internal quotation marks omitted).

Accordingly, Dagenville's instant petition is **DENIED**.